# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
May 13, 2003 Session

## NEW COVENANT BAPTIST CHURCH v. PANTHER SARK, ET AL.

### Appeal from the Chancery Court for Knox County
### No. 140440-3

### FILED JULY 8, 2003

### No. E2002-02693-COA-R3-CV

CHARLES D. SUSANO, JR., J., dissenting.

The majority holds that the defendants are not entitled to recover attorney's fees under the restrictive covenants applicable to the Resubdivision of Lot 3R1 Technology Park West ("the Resubdivision"). In so holding, the majority reasons that the underlying declaratory judgment litigation is not a "proceeding[] at law or equity to enforce [the] restrictions or for violation thereof." The quoted language comes from the particular restrictive covenant pertinent to the facts of the instant controversy. I disagree with the majority's reasoning.

On June 17, 1998, the New Covenant Baptist Church ("the Church") purchased Lot 3R1-3 ("the Lot") in the Resubdivision. On October 7, 1998, the Church filed a complaint in chancery court in which it alleged that it intended to use the Lot "in part, as ingress and egress to a tract being acquired by [the Church] which adjoins, but lies outside [the Resubdivision]." It is clear that the Church wanted to use the Lot as a driveway to the church structure it intended to build on property located just outside the Resubdivision. The Church sought a declaration that it could use the Lot for this purpose.

On November 9, 1998, the defendants responded to the complaint by filing an answer in which they asserted, among other things, that the restrictive covenants "do not permit the use of [the Lot] as [the Church] proposes, and for it to be so used would constitute a violation of the covenants." The defendants' answer was coupled with a counterclaim, in which the defendants alleged, among other things, as follows:

> To the extent during the pendency of this action [the Church]
> commences to use Lot 3R1-3 in accordance with its stated intention,

[d]efendants aver that they are entitled to injunctive relief prohibiting the [the Church] from utilizing Lot 3R1-3 for the use it has proposed and is presently advertising in the local press. Further, [d]efendants aver that they are entitled to damages resulting from said breach in the event it should occur.

Defendants also seek declaratory relief adjudicating that [the Church's] proposed use of Lot 3R1-3 as a way of ingress and egress to property outside of the subdivision is not a permitted use or an approved conditional use, and thus, is prohibited by the restrictive covenants.

Pursuant to the provisions of the restrictive covenants attached hereto as Exhibit A and Exhibit B, [d]efendants aver that they are entitled to recover from [the Church] their costs, *including reasonable attorney's fees in defending the [c]omplaint and in their action to enforce the provisions of the restrictive covenants.*

Defendants further seek such general or special relief to which they may be found entitled upon the trial of this cause.

(Paragraph numbering in original omitted) (Emphasis added).

Declaration 8 of the "Declaration of Protective Covenants," filed for recordation in the Register of Deeds' Office by the defendant Panther Sark, a Tennessee general partnership, provides, in part, as follows:

*Enforcement.*

A. *Interpretation.* These restrictions shall be interpreted to accomplish the purpose and intent of the Park as found in these provisions herein, and in light of actual development and construction and the pattern of development of the Park theretofore accomplished.

B. *Abatement and Suit.* Declarant shall monitor and supervise compliance with these restrictions. Violation or breach of any restrictions herein contained shall give to any owner or occupant the right to call the same to the attention of declarant in writing. After receiving written notification, declarant shall assist the owner or occupant making the complaint in having such violation or breach abated and requiring removal at the expense of the owner or occupant thereof of any structure, thing or condition that may exist contrary to these restrictions. Upon any violation or breach, declarant shall have

the right to require the same to be summarily abated and removed at the expense of the owner or occupant thereof and to prosecute a proceeding at law or in equity against this declaration to enjoin or to prevent them from doing so, to cause said violation to be remedied, or to recover damages for said violation.

*In any proceedings at law or equity to enforce these restrictions or for violation thereof, the losing party shall pay the attorney's fees of the prevailing party in such amount as may be fixed by the court in such proceedings.*

\* \* \*

E. *Approvals in Writing*. All communications, submissions, approvals and notices permitted or required by these restrictions shall be in writing and any person to whom the same is directed shall be entitled to have the same in writing and no person shall be bound by any such not in writing.

(Emphasis added). The Church, prior to filing the declaratory judgment action, sought the approval of the defendant Panther Sark for the Church's proposed use of the Lot. By letter dated September 25, 1998, Panther Sark refused to grant the Church's request. Later in that letter, Panther Sark's representative stated the following:

I understand your disappointment in our decision, but I feel it is necessary to protect our development from incompatible uses and structures. If you choose to pursue the matter further in court as mentioned in your September 14th letter, please be sure you fully understand your potential liabilities under Section 8B of the covenants. I have been advised that the covenants are legally enforceable, and it would be a pity to unnecessarily waste the church's money on lawyer fees and settlement costs.

It seems clear to me that the defendants, in filing and, thereafter, successfully pursuing their answer and counterclaim were seeking to "enforce [the] restrictions" and that they were doing so in a "proceeding[] at . . . equity." We held, in our earlier opinion in this case, that the Church's proposed use of the Lot, had it gone forward, would have been a violation of the restrictions. While it is clear that the Church never actually violated the restrictions and that, therefore, the declaratory judgment action was not a "proceeding[] . . . for violation" of the restrictions, it is just as clear that the defendants hired counsel and filed their answer and counterclaim in the underlying litigation for the sole purpose of insuring that the restrictions were enforced with respect to the Church's planned use of the Lot. As a result of the defendants' effort, this Court enforced those restrictions

While not addressed by the majority, I agree with the defendants that Tenn. Code Ann. § 29-14-111 (2000)[1] – with its reference to "cost" – does not apply to attorney's fees and hence does not apply to this case. The trial court, without citation of authority, held that the concept of "cost" included attorney's fees, and based its denial of the defendants' request exclusively on this holding. I would reverse this particular determination.

The Church argues that the covenants cannot be enforced against it because they do not amount to a contract that is binding upon the Church. I am not persuaded by this argument. When the Church purchased the Lot, it impliedly consented to be bound by the covenants. In my judgment, the covenants are fully enforceable against the Church.

Since the trial court held that "[t]he reasonableness and necessity of both the work performed by counsel for the defendants and the hourly rate sought therefore have not been contested" and that they were "appropriate," I would reverse the trial court's judgment and remand for the entry of an order consistent with the thoughts expressed in this dissenting opinion.

Accordingly, I respectfully dissent.

_____
CHARLES D. SUSANO, JR., JUDGE

_____

[1]Tenn. Code Ann. § 29-14-111 (2000) provides as follows:

> In any proceeding under this chapter, the court may make such award of cost as may seem equitable and just.